# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2009

Charles R. Fulbruge III
Clerk

No. 07-11242

CHARLES ZUBARIK

Plaintiff-Appellee-Cross-Appellant

v.

RUBLOFF DEVELOPMENT GROUP INC ET AL.

Defendants-Appellants-Cross-Appellees

Appeals from the United States District Court
for the Northern District of Texas
(05-CV-1491)

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

This appeal arises from a common-law fraud suit in which the jury rendered a verdict in favor of Plaintiff Charles Zubarik ("Plaintiff") and awarded him compensatory and exemplary damages against Defendants Rubloff Development Group, Inc. ("Rubloff") and Sundowner Mesa, LLC ("Sundowner") (collectively "Defendants"). After rendering final judgment on the verdict, the district court denied Defendants' motion for a new trial but ordered a remittitur of the exemplary damage award against Defendant Rubloff. Defendants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealed the district court's denial of their motion for a new trial, and Plaintiff cross appealed the district court's remittitur order. We AFFIRM. There is sufficient evidence to support the jury's verdict, and the district court did not abuse its discretion in applying a Texas statute to grant the remittitur.

Plaintiff, who has extensive experience in the airline transportation industry, won for his then-employer, Metscan Technologies, a contract with the United States Marshall Service ("USMS") for the air transport of prisoners and aliens ("the Marshall Contract"). Subsequently Metscan Technologies sold the Marshall Contract to Defendants, who needed Plaintiff's services to finalize the Marshall Contract and receive a novation from the USMS.

To obtain Plaintiff's work on the Marshall Contract, Defendants represented that they would compensate Plaintiff $10,000 per month, 20% of the contract profits, and benefits; that before the novation took place Plaintiff would receive a written employment agreement containing these terms; and that once the novation was granted Plaintiff would remain an employee of Defendants and manage the Marshall Contract. Based on these representations, Plaintiff worked to secure the novation for Defendants, but despite repeated assurances from Defendants, Plaintiff never received a written employment agreement. Shortly after the novation was finalized, Defendants fired Plaintiff.

Plaintiff sued Defendants in Texas state court for breach of contract and common-law fraud, and Defendants removed the case to federal court. After a five-day trial, the jury concluded that while no contract had been formed between the parties, Defendants were liable for fraud against Plaintiff. As compensatory damages, the jury awarded $80,000 against Rubloff and $600,000 against Sundowner; the jury also awarded exemplary damages of $600,000 against Rubloff and $600,000 against Sundowner. In an order accompanying its entry of judgment, the district court ordered a remittitur of the exemplary

damage award against Defendant Rubloff[1] pursuant to Tex. Civ. Prac. & Rem. Code § 41.008, reducing the award from $600,000 to $200,000, but otherwise entered judgment consistent with the jury's award. Defendants then filed a motion for a new trial, which the district court denied. Defendants timely appealed the denial of the motion for new trial, and Plaintiff cross appealed the district court's grant of remittitur.

On appeal Defendants contend that the district court erred in denying their motion for a new trial because Plaintiff did not produce sufficient evidence to support the jury's finding of fraud, did not present sufficient evidence to support the jury's compensatory damage award, and did not present clear and convincing evidence of fraud sufficient for the jury to award exemplary damages. To prevail on this argument, Defendants must demonstrate "an absolute absence of evidence to support the jury's verdict, thus indicating that the trial court had abused its discretion in refusing to find the jury's verdict contrary to the great weight of the evidence." *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (internal citations and quotation marks omitted). After hearing oral argument and reviewing the briefs and the record, we conclude that Plaintiff presented evidence to support the jury's verdict. Thus, Defendants cannot show that the district court abused its discretion in denying their motion for a new trial.

Defendants also contend, for the first time on appeal, that the jury's damage award was improper because Plaintiff should not be allowed to recover benefit-of-the-bargain damages for his fraud claim. However, Defendants never raised this issue during the proceedings before the district court, and, as Defendants conceded during oral argument, arguments not presented before the

---

[1] This remittitur applied only to the exemplary damage award against Defendant Rubloff and did not impact the separate $600,000 exemplary damage award against Defendant Sundowner. Defendant Sundowner never moved for remittitur of the awards against it.

district court are rarely reviewed on appeal. This is not one of those rare exceptions permitting review.

On cross appeal, Plaintiffs contend that the district court erred in ordering remittitur of the jury's exemplary damage award against Defendant Rubloff. The district court ordered this remittitur based on Tex. Civ. Prac. & Rem. Code § 41.008, which limits exemplary damage awards to the greater of (1) two times the economic damages plus an amount equal to any noneconomic damages found by the trial court, not to exceed $750,000; or (2) $200,000. *See* Tex. Civ. Prac. & Rem. Code § 41.008. Because the jury awarded only $80,000 in compensatory damages against Rubloff, the district court applied § 41.008 to conclude that $200,000 was the maximum allowable exemplary damage award against Rubloff. We review this remittitur order for abuse of discretion, *see Foradori v. Harris*, 523 F.3d 477, 497-98 (5th Cir. 2008) ("[I]n an action based on state law but tried in federal court by reason of diversity of citizenship, a district court must apply a new trial or remittitur standard according to the state's law controlling jury awards for excessiveness or inadequacy, and appellate control of the district court's ruling is limited to review for 'abuse of discretion.'") (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 512 U.S. 415, 419 (1996)), and the district court's application of § 41.008 evidences no such abuse.

Accordingly, for the foregoing reasons we AFFIRM the judgment of the district court.

4